PROB 12C
(Rev. 11/99)



FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

JUL 2 4 2006

DAVID J. MALAND, CLERK
BY_____

# UNITED STATES DISTRICT COURT
## for the
## EASTERN DISTRICT OF TEXAS

**Petition for Warrant or Summons for Offender Under Supervision**

Name of Offender: Robert Wingfield          Case Number: 5:05CR00022-002

Name of Sentencing Judicial Officer: David Folsom, U.S. District Judge

Date of Original Sentence: April 24, 2006

Original Offense:      Conspiracy to Steal Public Property

Original Sentence:     One year probation

                 Probation Revoked July 7, 2006. Allowed to remain on release pending self surrender date of August 22, 2006, under the same conditions of release.

Type of Supervision: Probation          Date Supervision Commenced: April 24, 2006

Assistant U.S. Attorney: Alan Jackson          Defense Attorney: John Stroud

---

## PETITIONING THE COURT

TO ISSUE A WARRANT

The probation officer believes that the offender has violated the following condition(s) of supervision:

**CONDITION**                            **NATURE OF NONCOMPLIANCE**

Mandatory

The defendant shall refrain from any unlawful use of a controlled substance.

On July 14, 2006, Mr. Wingfield submitted a urine specimen that tested positive for the use of marijuana. Mr. Wingfield denied any new use since July 6, 2006.

On July 21, 2006, the U.S. Probation Office received a report from the Director of Toxicology at Kroll Laboratories analyzing the specimens that Mr. Wingfield submitted on July 7th and 14th, 2006. Based on published research documenting the clearance of marijuana from even a chronic user, it was concluded the Mr. Wingfield had reused marijuana at some time between these two dates, which is after he was allowed to remain on release pending his self surrender date.

**U.S. Probation Officer Recommendation and Justification:**

Since it is short, please find attached a copy of the Director's report which identifies their mode of testing and a description of her analysis which lead to the conclusion that Mr. Wingfield has continued in his use of marijuana. The U.S. Probation Office provided Mr. Wingfield a chance to utilize our resources to attend drug treatment on July 7, 2006, but he declined such offer and stated that he did not wish to attend. It should also be noted that Mr. Wingfield lost his job as of July 7, 2006, and he has not been able to find steady employment since that date. Another urine specimen was collected on July 21, 2006, which presumptively tested positive for the use of marijuana. Said test has been submitted for confirmation testing since Mr. Wingfield denied any new use and the results probably will not be received until July 27, 2006.

Based on his continued drug use despite knowing the consequences of such, it is respectfully recommended that the Court issue a warrant for Robert Wingfield and he be ordered to appear in court to show cause why he should remain on release pending his self surrender date of August 22, 2006.

I declare under penalty of law that the foregoing is true and correct.

Reviewed and approved:

Jansen Kitchens
U.S. Probation Officer

Joe Heath, Supervising
U.S. Probation Officer

Executed on July 21, 2006
Place: Texarkana, Texas

## THE COURT ORDERS:

[✓]    The Issuance of a Warrant

[  ]    No Action and the U.S. Probation Office report the confirmation results of the urine specimen
        collected on July 21, 2006, once received.

[  ]    Other:


_____        July 24, 2006
David Folsom                            Date
U.S. District Judge

# Memorandum

**To:** Jansen Kitchens

**From:** Pat Pizzo B.S., DABFE
Director of Toxicology

**Date:** 7/21/06

**RE:** Wingfield



KLS received several specimens on donor Wingfield. The specimen ID # and collection dates reviewed are as follows: Specimen ID # B00375312 collected 7/7/06, and Specimen ID# B00375315 collected on 7/14/06.Both of the samples were reported as positive for the presence of Marijuana. Specimen ID # B00375312 also tested positive for Benzoylecgonine(cocaine metabolite). To determine if the donor has reused or is in the process of clearing the drug from his system additional creatinine testing and calculations were conducted. Marijuana has a mean urine half life of 48 hours. A random urine creatinine should be in the range of 100 – 200 mg/dl with an average for males of approximately 160 mg/dl. To compensate for the dilution effect the THC-carboxylic acid concentrations are normalized and reported as ng of drug per mg of creatinine

. The results of the test and the normalized *THC result are recorded below.

| Date Collected | Specimen ID # | Drug ng/ml | Creatinine mg/dl | ngDrug/mgCreat |
|---|---|---|---|---|
| 7/7/06 | B00375312 | THC = 982 | 141.5 | 693 ngTHC/mg Creat |
| 7/7/06 | B00375312 | **Be = 611 | 141.5 | 431 ngBe/mg Creat |
| 7/14/06 | B00375315 | THC = 719 | 125.8 | 571ngTHC/mg Creat |

- *Comment: THC is being used as an abbreviation for the primary urine metabolite of Marijuana the 11-nor-delta-9-tetrahydrocannabinoid-9-carboxylic acid.

- **Comment: Be is being used as an abbreviation for the primary urine metabolite of cocaine, benzoylecgonine.

The opinion is based on chronic use a social or moderate user would clear Marijuana in a much shorter time period. A chronic user of Marijuana may take as long as 4-6 weeks to completely clear Marijuana from their system, however most of the users will clear in the drug in a 3-4 week period. Based on published research documenting the clearance of THC from even a chronic user it appears the donor reused between 7/7/06 and 7/14/06. If you require additional information or clarification please contact me at the lab